UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:03-CR-16 |
| | ) | |
| v. | ) | |
| | ) | COLLIER/CARTER |
| ERNEST PAUL MICCICHE, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

On May 11, 2007, the Court received a letter (Court File No. 175) from Defendant Ernest Paul Micciche stating the Bureau of Prisons has been taking 100% of his prison pay for restitution purposes in violation of the judgment entered against Defendant in the instant case. Defendant contends the judgment allows no more than 50% of his prison pay to be applied to his restitution obligations. The Court treats this letter as a motion for refund of money.

On September 10, 2004, the Court entered judgment against Defendant sentencing him to a total term of incarceration of 66 months for bank fraud, conspiracy to commit money laundering, and money laundering (Court File No. 140). He was also ordered, pursuant to the Mandatory Victim Restitution Act of 1996, 18 U.S.C. §§ 3663A & 3664, to make restitution in the amount of $5,059,200.00 to Amsouth Bank in Chattanooga, Tennessee. The judgment further ordered that during the period of Defendant's incarceration, "the defendant must pay a *minimum* of 50% of wages earned" in a Federal Prison Industries job. *See* Court File No. 140, at 7 (emphasis added).

1

Pursuant to the Inmate Financial Responsibility Program (IFRP), 28 C.F.R. § 545.10 *et seq.*, federal prison inmates are to work with the Bureau of Prisons to develop a financial plan to meet their legitimate financial obligations. Defendant's motion is essentially a claim that the Bureau of Prisons is improperly administering the IFRP in regard to his restitution payments. 28 C.F.R. § 542.10(a) provides a federal inmate with administrative review of any issues "relating to any aspect of his/her own confinement" which would include payments made under the IFRP. Defendant's motion fails to allege that he has sought administrative review of the restitution payments. Because the defendant has not exhausted his administrative remedies, this Court is without subject matter jurisdiction to consider his argument that the Bureau of Prisons is improperly administering the IFRP in regard to his restitution. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted."); *see also Aja v. Bureau of Prisons Staff,* 1999 WL 1336093 (6th Cir. Dec. 20, 1999) (holding district court properly dismissed inmate's claim for failure to exhaust administrative remedies where inmate alleged prison staff retaliated against him in violation of his Constitutional rights after inmate objected to paying a fee through the IFRP); *United States v. Bueso*, No. 3:04-cr-123, slip op. at 2 (E.D. Tenn. July 7, 2007) (Phillips, J.) (holding court lacked subject matter jurisdiction to consider inmate's motion alleging the Bureau of Prisons was improperly administering the IFRP in regard to his restitution); *United States v. Lyle*, 2008 WL 2566381 (W.D. Pa. June 26, 2008) (same).

Because Defendant has not alleged he has exhausted his administrative remedies, this Court lacks subject matter jurisdiction to consider his motion requesting return of money on the ground the Bureau of Prisons is improperly administering the IFRP in regard to his restitution payments. Accordingly, Defendant's motion is **DENIED**.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**